Electronically Filed by Superior Court of California, County of Orange, 01/21/2020 10:39:15 AM.
30-2020-01125766-CU-PL-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk.

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG C&T AMERICA, INC;
SPRINT CORPORATION; SPRINT COMMUNICATIONS; SPRINT SOLUTIONS, INC.
and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LINDON B. JOHNSON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA
700 CIVIC CENTER DRIVE
SANTA ANA CA 92701

CASE NUMBER: 30-2020-01125766-CU-PL-CJC

Judge Martha K. Gooding

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sasha Tymkowicz, Esq. CBN:233903 LAW OFFICES OF SASHA TYMKOWICZ, A.P.C.
1800 North Broadway, Suite 200 (714) 835-8866
Santa Ana, California 92706

DATE: 01/21/2020    David H. Yamasaki, Clerk of the Court    Clerk, by _Stephen Corona_, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **SAMSUNG ELECTRONICS AMERICA, INC.**
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Johnson, Lindon

EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 01/21/2020 10:39:15 AM.
30-2020-01125766-CU-PL-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Corona, Deputy Clerk.

Sasha Tymkowicz, Esq.   CBN: 233903
*Law Offices of Sasha Tymkowicz, A.P.C.*
1800 N. Broadway, Suite 200
Santa Ana, CA 92706
Telephone (714) 835-8866
Facsimile (714) 835-8891

Attorneys for Plaintiff,
LINDON B. JOHNSON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE, CIVIL UNLIMITED

| | |
|---|---|
| LINDON B. JOHNSON,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG C&T AMERICA, INC.; SPRINT CORPORATION; SPRINT COMMUNICATIONS; SPRINT SOLUTIONS, INC., and DOES 1-50,<br><br>Defendants. | CASE NO.: 30-2020-01125766-CU-PL-CJC<br>Judge Martha K. Gooding<br><br>COMPLAINT FOR<br><br>(1) General Negligent Product Liability Against Samsung<br><br>(2) Specific Negligent Product Liability Against Samsung<br><br>(3) General Negligence Against Samsung<br><br>(4) Specific Negligence Against Samsung<br><br>(5) General Negligent Product Liability Against Sprint<br><br>(6) Specific Negligent Product Liability Against Sprint<br><br>(7) General Negligence Against Sprint<br><br>(8) Specific Negligence Against Sprint |

### COMPLAINT

Plaintiff, LINDON B. JOHNSON, herein referred as Plaintiff, by and through his attorneys, Law Offices of Sasha Tymkowicz, A.P.C. for his Complaint against Defendants:

1

COMPLAINT

EXHIBIT A

SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG C&T AMERICA, INC. (collectively referred to herein as "**Samsung**"); and Defendants SPRINT CORPORATION; SPRINT COMMUNICATIONS; and SPRINT SOLUTIONS, INC. (collectively referred to herein as "**Sprint**") alleges as follows:

## PARTIES

1. At all times material herein, Plaintiff was a resident of the State of California, residing in the City of Fullerton, State of California.

2. At all material times herein, Samsung was a corporation qualified to do business in California and held itself out as a company able to conduct business in California. Samsung manufactured the Samsung Galaxy J327 Smartphone mobile device (herein referred to as the "**Product**") and distributed the Product to Sprint in California.

3. At all times material herein, Sprint was a corporation qualified to do business in a California and held itself out as a company able to conduct business in California. Sprint was the distributor for the Product in the City of La Habra, California.

## JURISDICTION AND VENUE

4. This Superior Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court. Additionally, this California Court has specific jurisdiction over the entire action by virtue of the fact that Plaintiff is a California resident who suffered an injury relating directly to Samsung and Sprint's contacts in California as corporations qualified to do business in California residents.

5. Venue is proper in the county pursuant to _Section 395(a) of the California Code of Civil Procedure_ because the alleged wrongs occurred in this county.

## FACTUAL ALLEGATIONS

6. On or about March 25, 2017, Plaintiff purchased the Product from a store owned and operated by Sprint located at 1350 S. Beach Blvd., Suite D, La Habra, CA 90631.

EXHIBIT A

7. Samsung manufactured the Product in one of its factories.

8. At all times, the Product was used by Plaintiff only for its intended purpose, from the time of its purchase to February 10, 2018, where its condition was not altered, modified, or substantially changed in any way.

9. On or about February 10, 2018 at approximately 3:00 p.m. Plaintiff was using the Product in its normal intended use by holding the mobile device Product to his right ear during a telephonic conversation. Suddenly and without warning, the Product made an explosive spark accompanied by a loud sound and smoke, causing Plaintiff to feel immediate pain to his right ear.

10. As a result of the Product's explosive spark, Plaintiff felt immediate ear pain, developed permanent loss of hearing, extensive medical issues, pain, suffering and emotional trauma.

11. In addition to the loss of the product, Plaintiff suffered income losses and loss of earning capacity.

### FIRST CAUSE OF ACTION- AGAISNT SAMSUNG
### GENERAL NEGLIGENT PRODUCT LIABILITY- RES IPSA LOQUITUR

12. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

13. At all times material herein, Samsung designed, manufactured, and marketed several cell phones, including the Product.

14. From the time the Product was manufactured to the time it was distributed, Samsung maintained exclusive control over the Product.

15. From the time that the Product was purchased to the time of the heated explosive spark, the Product was used for its intended purpose and only for its intended purpose and was not modified, upgraded, altered, damages, or substantially changed in any way.

16. The explosion of the Product caused an injury of such nature that it would not ordinarily occur in the absence of a negligent defect from the manufacture.

17. ==As a direct and proximate result of the herein described acts and/or omissions of Samsung, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.==

## SECOND CAUSE OF ACTION – AGAINST SAMSUNG
## SPECIFIC NEGLIGENT PRODUCT LIABILITY

18. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

19. At all times herein, Samsung designed, manufactured and marketed several mobile phone devices, including the Product, specifically as a mobile telephonic hand held device.

20. Samsung knew or should have known at the time of manufacture and design that the Product's design and use would heat up and subsequently explode (spark, make a loud noise and emit smoke).

21. From the time that the Product was purchased to the time of the heated explosive spark, the Product was used for its intended purpose and only for its intended purpose and was not modified, upgraded, altered, damages, or substantially changed in any way.

22. The Product was defective at the time of manufacture, design, production testing, and/or inspection. As a result, the heat generated from the Product components, while in its intended ordinary and customary use, caused an outward heated explosive spark, noise and smoke.

EXHIBIT A

23. As a direct and proximate result of the herein described acts and/or omissions of Samsung, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

### THIRD CAUSE OF ACTION- AGAINST SAMSUNG

**GENERAL NEGLIGENCE – RES IPSA LOQUITUR**

24. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

25. At all times herein, Samsung designed, manufactured and marketed several mobile phone devices, including the Product, specifically as a mobile telephonic hand held device.

26. Samsung had a duty, as manufacturer of goods, to manufacture, design, inspect, and test the Product with reasonable care to ensure that it was safe for its intended use.

27. The outward heated spark, noise and smoke released by the Product caused an injury of such nature that it would not ordinarily occur in the absence of a negligent breach of duty by Samsung.

28. As a direct and proximate result of the herein described acts and/or omissions of Samsung, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

### FOURTH CAUSE OF ACTION- AGAINST SAMSUNG

**SPECIFIC NEGLIGENCE**

EXHIBIT A

29. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

30. At all times herein, Samsung designed, manufactured and marketed several mobile phone devices, including the Product, specifically as a mobile telephonic hand held device.

31. Samsung had a duty, as manufacturer of goods, to manufacture, design, inspect, and test the Product with reasonable care to ensure that it was safe for its intended use.

32. Samsung knew or should have known at the time of manufacture and design that the Product's design and use would heat up and subsequently spark, make a loud noise and smoke. Further, Samsung knew or should have known that if this defective product was sold to customers, a dangerous condition would manifest itself.

33. Samsung did not use reasonable care when manufacturing, designing, inspecting, and testing the Product. As a result, the heat generated from the components of the Product caused an explosive spark, noise and smoke.

34. As direct and proximate result of the herein described acts and/or omissions of Samsung, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

### FIFTH CAUSE OF ACTION- AGAINST SPRINT
### GENERAL NEGLIGENT PRODUCT LIABILITY – RES IPSA LOQUITUR

35. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

EXHIBIT A

36. At all times herein, Sprint tested, inspected, maintained, distributed, marketed, promoted, advertised, and sold the Product for use as a hand held telephonic mobile device.

37. From the time that the product was distributed to Sprint from Samsung, to the time it was purchased by the Plaintiff, Sprint has exclusive control over the product.

38. From the time that the Product was sold to Plaintiff to the time of the heated explosive spark, the Product was used for its intended purpose and was not modified, upgraded, altered, damages, or substantial changed in any way.

39. The heated explosive spark, noise and smoke from the Product caused an injury of such nature that it would not ordinarily occur in the absence of negligent inspection and or negligent distribution from Sprint.

40. As direct and proximate result of the herein described acts and/or omissions of Samsung, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

## SIXTH CAUSE OF ACTION – AGAINST SPRINT
**SPECIFIC NEGLIGENT PRODUCT LIABILITY**

41. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

42. At all times herein, Sprint tested, inspected, maintained, distributed, marketed, promoted, advertised, and sold the Product for use as a hand held telephonic mobile device.

43. From the time that the product was distributed to Sprint from Samsung, to the time it was purchased by the Plaintiff, Sprint has exclusive control over the product.

EXHIBIT A

44. Sprint knew or should have known at the time of testing, inspecting, maintaining, distributing, marketing, promoting, advertising, and selling the Product that the Product would heat up and subsequently explode (spark, make a loud noise and emit smoke).

45. From the time that the Product was distributed to Sprint to Samsung to the time it was purchased by the Plaintiff, Sprint had exclusive control over the Product.

46. The time of purchase to the time of the heated explosive spark, the Product was used for its intended purpose and only for its intended purpose and was not modified, upgraded, altered, damages, or substantially changed in any way.

47. The product was defective and in the exclusive control of Sprint during Sprint's testing, inspection, distribution, marketing, promotion, advertising, and selling of the Product. As a result of the overheating of the component's Product, it cause an explosive spark, noise and smoke.

48. As direct and proximate result of the herein described acts and/or omissions of Samsung, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

## SEVENTH CAUSE OF ACTION –AGAINST SPRINT
## GENERAL NEGLIGENCE – RES IPSA LOQUITUR

64. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

65. At all times herein, Sprint tested, inspected, maintained, distributed, marketed, promoted, advertised, and sold the Product specifically as a mobile telephonic hand held device.

EXHIBIT A

66. Sprint had a duty, as a retailer, to test, inspect, maintain, distribute, market, promote, advertise, and sell the Product with reasonable care to ensure that the Product was safe for use as mobile telephonic hand held device.

67. The heated spark, noise and smoke released by the Product caused an injury of such nature that it would not ordinarily occur in the absence of a negligent breach of duty by Sprint.

68. As a direct and proximate result of the herein described acts and/or omissions of Sprint, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

## EIGHTH CAUSE OF ACTION – AGAINST SPRINT
**SPECIFIC NEGLIGENCE**

69. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of this Complaint, as fully set forth.

70. At all times herein, Sprint tested, inspected, maintained, distributed, marketed, promoted, advertised, and sold the Product specifically as a mobile telephonic hand held device.

71. Sprint had a duty, as a retailer, to test, inspect, maintain, distribute, market, promote, advertise, and sell the Product with reasonable care to ensure that the Product was safe for use as mobile telephonic hand held device.

72. Sprint knew or should have known while testing, inspecting maintaining, distributing, marketing, promoting advertising, and selling the Produce had a defective design in its ability to heat up, make an explosive spark, noise and smoke. Further, Sprint knew or should have known that if this defective product was sold to customers, a dangerous condition would manifest itself.

EXHIBIT A

73. Sprint did not use reasonable care while testing, inspecting, maintaining, distributing, marketing, promoting, advertising, and selling the Product. As a result of the overheating of the component's Product, it cause an explosive spark, noise and smoke.

74. As a direct and proximate result of the herein described acts and/or omissions of Sprint, Plaintiff sustained legally compensable damages in amounts to be shown at the time of trial, including, but not limited to permanent loss of hearing, extensive medical issues, future medical care, pain, suffering, emotional trauma, income losses and loss of earning capacity exceeding the jurisdictional amount.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for damages in amount according to proof at trial and beyond the jurisdiction relief as follows:

1. General damages in amount according to proof at trial;
2. Special damages in amount according to proof at trial;
3. Economic losses;
4. Costs of suit herein; and
5. For such further relief the Court may deem just and proper.

Dated: January 20, 2020

LAW OFFICES OF SASHA TYMKOWICZ, A.P.C.

_____
Sasha Tymkowicz, Attorney for Plaintiff
Lindon B. Johnson

EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 01/21/2020 10:39:15 AM.
30-2020-01125766-CU-PL-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Stephen Covarras, Deputy Clerk.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sasha Tymkowicz, Esq. CBN:233903
LAW OFFICES OF SASHA TYMKOWICZ, A.P.C.
1800 North Broadway, Suite 200
Santa Ana, California 92706
TELEPHONE NO.: (714) 835-8866    FAX NO.: (714) 835-8891
ATTORNEY FOR (Name): LINDON B. JOHNSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME: JOHNSON V. SAMSUNG ELECTRONICS AMERICA, INC., ET AL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2020-01125766-CU-PL-CJC |
|---|---|---|
| [X] Unlimited  [ ] Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Martha K. Gooding  DEPT.: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

Auto Tort
[ ] Auto (22)
[ ] Uninsured motorist (46)

Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

Non-PI/PD/WD (Other) Tort
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

Employment
[ ] Wrongful termination (36)
[ ] Other employment (15)

Contract
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

Real Property
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

Unlawful Detainer
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

Judicial Review
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

Enforcement of Judgment
[ ] Enforcement of judgment (20)

Miscellaneous Civil Complaint
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

Miscellaneous Civil Petition
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/20/2020

Sasha Tymkowicz
(TYPE OR PRINT NAME)                                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CEB · Essential Forms
ceb.com

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Johnson, Lindon

EXHIBIT A

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice- Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach-Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court Case Matter
    Writ-Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]   CEB® Essential Forms   **CIVIL CASE COVER SHEET**   Page 2 of 2

Johnson, Lindon

EXHIBIT A



## Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

EXHIBIT A

> **How to arrange mediation in Los Angeles County**
> Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:
>
> a. **The Civil Mediation Vendor Resource List**
>    Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).
>
>    - JAMS, Inc.: **Case Manager (213) 253-9776 mdawson@jamsadr.com**
>    - Mediation Center of Los Angeles: **Case Manager: (833) 476-9145 info@mediationLA.org**
>
>    **These organizations cannot accept every case and they may decline cases at their discretion.**
>    Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
>    NOTE: This service is not available for family law, probate or small claims.
>
> b. **Los Angeles County Dispute Resolution Programs**
>    https://wdacs.lacounty.gov/programs/drp/
>    - Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
>    - Free or low-cost mediations before the day of trial for these and other case types.
>    - For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit
>      http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf
>
> c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.
   For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

**Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement**
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC2

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

**EXHIBIT A**